# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LYNNE GONSIOR, | § | REMOVED FROM |
| *Plaintiff,* | § | CAUSE NO. 2020-18678 |
| | § | 151ST JUDICIAL DISTRICT |
| | § | HARRIS COUNTY |
| | § | |
| | § | |
| v. | § | |
| | § | |
| INSURANCE COMPANY OF THE | § | |
| STATE OF PENNSYLVANIA; AIG | § | |
| CLAIMS, INC.; AND JANIS DUNN | § | |
| *Defendants.* | § | JURY |

## EXHIBIT A TO NOTICE OF REMOVAL

Pleadings Asserting Causes of Action and Answers to Such Pleadings

Case 4:20-cv-01765   Document 1-1   Filed on 05/20/20 in TXSD   Page 2 of 14

3/23/2020 11:15 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41849653
By: Wanda Chambers
Filed: 3/23/2020 11:15 AM

Cause No. _____

| | | |
|---|---|---|
| LYNNE GONSIOR, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; AIG CLAIMS INC.; and JANIS DUNN, | § § § | |
| | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## ■ **PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND** ■

Plaintiff Lynne Gonsior files this Original Petition against Insurance Company of The State of Pennsylvania, AIG Claims Inc., and Janis Dunn, and would respectfully show the following:

## ■ **PARTIES** ■

1. Lynne Gonsior ("Ms. Gonsior") is a resident and citizen of Texas.

2. Insurance Company of The State of Pennsylvania ("ICSP") is a foreign corporation headquartered in Pennsylvania. ICSP regularly does business in a systematic and continuous manner in the State of Texas. It may be served with service of process upon its registered agent for service: CORPORATION SERVICE COMPANY   211  E  7TH  ST  STE  620  AUSTIN     TX     78701-3218.

3. AIG Claims Inc. ("AIG"), is a foreign corporation. AIG regularly does business in a systematic and continuous manner in the State of Texas. It may be served with service of

process upon its registered agent for service: COMMISSIONER OF INSURANCE, 333 GUADALUPE STREET AUSTIN, TX 78701-3938.

4. Janis Dunn is an individual residing in Texas. Ms. Dunn may be served with service of process upon herself personally at 1339 Shields Ave, Cedar Hill, TX, 75104-1413 or wherever she may be found.

### ■ VENUE & JURISDICTION ■

5. Venue is proper in Harris County under Texas Civil Practice & Remedies Code § 15.002(a)(3) because ICSP and AIG Claims Inc. maintains a principal office, as defined by Texas Civil Practice & Remedies Code § 15.001, in Harris County, Texas. Alternatively, venue is also proper in Dallas County under Texas Civil Practice & Remedies Code § 15.002(a)(2) because Defendant Dunn is a resident of Dallas County.

6. Ms. Gonsior, seeks damages within the jurisdictional limits of this Court. At this time, Ms. Gonsior seeks monetary relief in an amount over $1,000,000. Ms. Gonsior reserves the right to modify the amount and type of relief sought in the future.

### ■ FACTUAL BACKGROUND ■

7. Plaintiff Lynne Gonsior is a beneficiary of the foreign voluntary worker's compensation policy number WS11006535, an agreement between her employer, At Home Group Inc., and ICSP. Ms. Gonsior relied on the promise of these benefits as part of her work for her employer, specifically including coverage for on-the-job injuries during international assignments.

8. Unfortunately, on or about March 28, 2019, while working in Shenzhen, China, Ms. Gonsior suffered serious injuries in the course and scope of her employment. In more detail, as she exited a vehicle near her hotel, Ms. Gonsior's shoe stuck in a storm grate near the curb, as shown in the picture below:



3

9. As her shoe stuck in the grate, Ms. Gonsior then fell forward and slammed her head into a cement post on the sidewalk. As a result of this serious injury, Ms. Gonsior lost consciousness for approximately 2 to 3 minutes. Ms. Gonsior then received emergency treatment at the hospital in Shenzhen, and the following day also received treatment at Queen Elizabeth hospital in Hong Kong. Ultimately, Ms. Gonsior evacuated to the United States for additional treatment. As a result of this injury, Ms. Gonsior suffered serious injuries to her head, spine, neck, back, and teeth.

10. Consistent with the coverage promised by ICSP, Plaintiff filed a claim with her insurer for medical and disability benefits. ICSP and AIG assigned Ms. Dunn to handle Plaintiff's claim. While Defendants initially accepted her claim, they repeatedly delayed and denied coverage, including delaying necessary dental surgery.

11. Because the injuries and pain continued to impact and restrict Ms. Gonsior, she ultimately sought treatment from a board-certified neurosurgeon – Dr. Mahmoud G. Nagib On April 29, 2019. More specifically, Dr. Nagib is a clinical professor in the department of Neurosurgery at the University of Minnesota Medical School in Minneapolis. Based on his review of Ms. Gonsior's MRI, Dr. Nagib determined that Plaintiff suffered from a possible subluxation at the C3-4 level and concern of fairly significant discogenic changes with modic changes at the C5-6 level. Dr. Nagib additionally was concerned regarding the C6 nerve root on the right side. Dr. Nagib then recommended an immediate cervical fusion. On June 3, 2019, Dr. Nagib conducted that cervical fusion.

12. After the surgery, Dr. Nagib further confirmed that the fall caused her injury and the medically required surgical intervention.

To Whom It May Concern:

We want to confirm our clinical entries regarding Mrs. Lynne Gonsior's clinical presentation.

Mrs. Gonsior did not experience signs, symptoms or deficit prior to her injury and fall she endured while on a visit to China. Therefore, it is our opinion the symptoms she developed following the fall she endured in China led to the need for a surgical intervention. We do believe her fall is the causation for her injury.

We hope this clarification is helpful.

Sincerely,


Mahmoud G. Nagib, MD
MN/11508/jo
D: 07/08/2019  T: 07/10/19

13.     In response to that surgery, Ms. Dunn engaged a one-sided and outcome orientated investigation. Specifically, Dunn hired a "Peer Review" physician to review the cervical fusion, based upon a review of paper records alone.  As opposed to a fair and unbiased examination, Dunn referred to the surgery as "unauthorized" in her description of her reason for the referral. Not surprisingly, the hired-physician, who never met or completed any examination of Ms. Gonsior, found that the surgery was not related because "[t]here is no clinical evidence showing pathology from a fall," and "there is no clinical evidence of neurologic deficits correlating with MRI or electrodiagnostic findings."  Put simply, this conclusion is directly contradicted by the medical evidence, gruesome pictures of Ms. Gonsior's injury from fall, and the examinations of physicians who actually saw and treated Ms. Gonsior. Indeed, Dr. Nagib directly addressed and correlated the MRI and

5

electrodiagnostic findings to the injury. And even more so, Ms. Dunn did not even provide the actual MRI images for review by her own "Peer Review" physician.

14. Consistent with her one-sided and outcome-oriented investigation, on February 20, 2020, Ms. Dunn denied the claim based entirely on the peer-review report. As part of this denial, Defendants failed to adequately investigate, failed to consider the evidence equally, and instead engaged in one-sided and outcome-oriented claims handling. This is bad faith.

15. Given Defendants' wrongful acts and repeated denials of payment, Ms. Gonsior has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, Ms. Gonsior suffered financial harm and damage as a result of Defendants' denials and repeated delays.

16. Defendants' wrongful conduct includes the following acts or omissions:

   a. Failure to conduct a reasonable investigation of the events and facts relating to the insurance claim submitted by Ms. Gonsior;

   b. Failure to timely recognize and acknowledge the nature and extent of Ms. Gonsior's physical, financial, and other injuries;

   c. Failure to accept the undisputed evidence regarding Ms. Gonsior's medical condition and disability;

   d. Creation of pretextual reasons to deny and/or delay payment of the underlying claim and engagement in an "outcome-driven" approach to the claim; and

   e. Failure to ensure that the industry's best practices were applied consistently with regard to the insurance claim.

17.     The significant effect of Defendants' conduct and consequent wrongful and unjustified delays is still uncompensated.

### ■ *FIRST CAUSE OF ACTION—Violations of Texas Insurance Code* ■

18.     Defendants failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code section 541.060 (a)(2)(A) (formerly Art. 21.21 §4(10)(ii)).

19.     Defendants failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

20.     Defendants failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code section 541.060 (a)(3) (formerly Art. 21.21 §4(10)(iv)).

21.     Defendants refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code section 541.060 (a)(7) (formerly Art. 21.21 §4(10)(vii)).

22.     Defendants misrepresented the insurance policy under which it affords insurance coverage to Ms. Gonsior, by making an untrue statement of material fact, in violation of Texas Insurance Code section 541.061 (1) (formerly Art. 21.21 §4(11)(a)).

23.     Defendants misrepresented the insurance policy under which it affords insurance coverage to Ms. Gonsior by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code section 541.061 (2) (formerly Art. 21.21 §4(11)(b)).

24. Defendants misrepresented the insurance policy under which it affords coverage to Ms. Gonsior, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code section 541.061 (3) (formerly Art. 21.21 §4(11)(c)) and Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §4(11)(e)).

25. Defendants knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

■ *SECOND CAUSE OF ACTION—Prompt Payment of Claim* ■

26. Defendants failed to timely request from Ms. Gonsior any additional items, statements or forms that Defendants reasonably believed to be required from her, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

27. Defendants failed to notify Ms. Gonsior in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendants in violation of Texas Insurance Code section 542.056(a).

28. Defendants delayed payment of Ms. Gonsior's claim in violation of Texas Insurance Code section 542.058(a).

■ *THIRD CAUSE OF ACTION—Statutory Interest* ■

29. Ms. Gonsior makes a claim for penalties of statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

### ■ *FOURTH CAUSE OF ACTION—Breach of Duty of Good Faith & Fair Dealing* ■

30. Defendants, as Ms. Gonsior's insurer, had a duty to deal fairly and in good faith with her in the processing of the underlying claim. Defendants breached this duty by refusing to properly investigate and effectively denying insurance benefits. Defendants knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Defendants' breach of these legal duties, Ms. Gonsior suffered legal damages.

### ■ *FIFTH CAUSE OF ACTION—Punitive Damages for Bad Faith* ■

31. Defendants acted fraudulently and with malice (as that term is legally defined) in denying Ms. Gonsior's claim for coverage benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Ms. Gonsior.

### ■ *SIXTH CAUSE OF ACTION—Violations of Texas DTPA* ■

32. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

33. The violations by Defendants also are "unconscionable" as that term is legally defined, and subject each to liability for such "unconscionable" acts as set forth by law.

### ■ *SEVENTH CAUSE OF ACTION—Fraud* ■

34. Defendants acted fraudulently as to each representation made to Ms. Gonsior concerning material facts for the reason they would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Ms. Gonsior, who relied on those representations, thereby causing injury and damage to Ms. Gonsior.

### ■ *EIGHTH CAUSE OF ACTION—BREACH OF CONTRACT* ■

35. ICSP breached its contract with Plaintiff to provide insurance benefits for her on-the-job injuries. Specifically, Ms. Gonsior was a third-party beneficiary of the contract between ICSP and her employer, or alternatively, ISCP and Plaintiff agreed to form an implied in fact contract.

36. The significant effect of Defendants' conduct and consequent wrongful and unjustified delays is still uncompensated. Defendant breached its contract with Ms. Gonsior. As a result of Defendant's breach, Ms. Gonsior suffered legal damages.

### ■ *NINTH CAUSE OF ACTION—Promissory Estoppel* ■

37. Defendant ICSP promised to provide benefits to Plaintiff as part of her work with her employer. Based on the nature of the work and payment by Plaintiff's employer, it was reasonably foreseeable that Plaintiff would rely on ICSP's promise of benefits, and Plaintiff did in fact substantially rely on that promise to provide such benefits. Plaintiff relied on this promise to her detriment and has suffered injuries as a result of Defendant's failure to provide benefits.

### ■ *KNOWLEDGE AND INTENT* ■

38. Each of the actions described herein were done "knowingly" and intentionally as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

### ■ *RESULTING LEGAL DAMAGES* ■

39. Ms. Gonsior is entitled to the actual damages resulting from Defendants' violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Ms. Gonsior's lost credit reputation; and the other actual damages permitted by law. In addition, Ms. Gonsior is entitled to exemplary damages.

40. As a result of Defendants' acts and/or omissions, Ms. Gonsior has sustained damages in excess of the minimum jurisdictional limits of this Court.

41. Ms. Gonsior is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

42. Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Ms. Gonsior to the attorneys' fees, treble damages, and other penalties provided by law.

43. Ms. Gonsior is entitled to statutory interest on the amount of her claim at the rate set under Texas Insurance Code section 542.060(a).

44. Ms. Gonsior is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)-

(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## ■ *PRAYER* ■

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that she have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

    Respectfully submitted,

**Doyle LLP**

_/s/ Michael Patrick Doyle_
_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY AVERY
State Bar No. 24085185
3401 Allen Pkwy, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:    713.571.1148
service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

 Ms. Gonsior hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.

_____
MICHAEL PATRICK DOYLE